UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**KATHRYN KIM HARROD**,

Debtor.

Case No. **09-61752-7**

# MEMORANDUM OF DECISION

At Butte in said District this 22nd day of January, 2010.

In this Chapter 7 case an objection to Debtor's claim of homestead exemption was filed on October 29, 2009, by James P. Spurgetis ("Spurgetis"), Trustee for the Kamielle Kim Smith Trust ("Smith Trust"). The Debtor filed a response, and after due notice a hearing on Smith Trust's objection was held at Missoula on December 11, 2009. The Debtor was represented by attorney Thomas Trigg ("Trigg"). The Smith Trust was represented by attorney Jean Adele Carter ("Carter"). Attorney Mark McLaverty ("McLaverty") testified. Exhibits ("Ex.") 1, 2, 3, A and B were admitted into evidence, but the Court admitted Ex. 1 only for the limited purpose of showing that it was filed in state court[1]. In addition parties' counsel agreed to admit facts numbered 1–through –11 and 13 of the Debtor's response brief (Docket No. 13), at pages 2 through 4. At the conclusion of the hearing the Court took the objection under advisement.

---

[1] The Court ruled at the hearing that the statements in Ex. 1 are hearsay under FED. R. EVID. 801(c), and not admissible under FED. R. EVID. 802.

1

After review of the record and applicable law, for the reasons set forth below the Court overrules the Smith Trust's objection for failure to satisfy its burden of proof under F.R.B.P. 4003(c) of proving that the Debtor's objection was not properly claimed.

This Court has exclusive jurisdiction in this Chapter 7 case under 28 U.S.C. § 1334(a). Smith Trust's objection to Debtor's claim of exemption is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Memorandum includes the Court's findings of fact and conclusions of law.

## FACTS

Counsel for the parties agreed to admit the following facts set forth in the Debtor's brief (Docket No. 13):

> 1. Spurgetis and Debtor are involved in litigation about the conduct of the Kamielle Kim Smith Trust. Affidavit of Mark McLaverty (November 9, 2009), ("McLaverty Affidavit") ¶1-2, attached as Ex. A. Order of Approval and Adoption of Trustees Report to the Court, *In Re the Trust of Kamielle Kim Smith,* DG-96-22 (Mont. 20th Judi. Dist. Ct., Lake Co.) (October 28, 2008) ("Order Approving Trustee's Report"), Spurgetis Ex. A.
>
> 2. Prior to September 29, 2008 and thereafter, Debtor resided in the Mobile Home in question. Order Approving Trustee's Report, p. 1; Sch. C.
>
> 3. On September 29, 2008, Spurgetis submitted a report proposing that Debtor be ordered to transfer title to the Mobile Home to the Trust. Order Approving Trustee's Report, p. 1.
>
> 4. At the time the report was filed, there was no Court order stating when objections to the report were due. McLaverty Aff. , ¶ 3.
>
> 5. On October 23, 2009 [sic][2], Spurgetis moved for the adoption of his report. McLaverty Aff., ¶ 3.
>
> 6. On October 28, 2008, the District Court granted the request. The order stated in part:

---

[2] The year should be 2008.

2

> Kathryn Harrod is hereby ordered to transfer the title to the 14 x 70 1974 Bonneville custom Mobile Home currently titled in her name, into the name of the Kamielle Kim Smith Trust . . .

Order Approving Trustee's Report, p. 1, ¶2.B.

7. The order also stated, "Failure to comply with this order may be contempt of court..."

Order Approving Trustee's Report, p. 2, ¶2.G. (typographical emphasis deleted).

8. On November 5, 2009 [sic][3], Debtor filed a timely objection to the Spurgetis motion and sought an evidentiary hearing. McLaverty Aff., ¶ 4; Former Trust Committee Member Kathryn Harrod's Answer and Objection to Motion to Adopt Trustee's Recommendations (November 5, 2008), p. 2, attached as Exhibit B.

9. The District Court did not rule on the hearing request, which is still pending. No hearing has been conducted. McLaverty Aff., ¶ ¶ 6-7.

10. Upon information and belief, Spurgetis did not apply to Montana's Motor Vehicles Division for a title pursuant to the Montana statute governing the involuntary transfers of trailers.

11. Debtor did not receive the mandatory notice from Montana's Motor Vehicles Division Spurgetis sought a title to the Mobile Home pursuant to involuntary transfer.

Anticipated Testimony of Kathryn Harrod.

* * * *[4]

13. The District Court case has not yet been appealed to the Montana Supreme Court.

McLaverty testified that he represented the Debtor in family law and trust proceedings in the Lake County district court litigation. He testified as to whether the district court entered a

---

[3]The year should be 2008, not 2009, according to McLaverty's affidavit.

[4]The Court excluded Fact No. 12 as contested.

3

judgment in the Lake County litigation and he answered: "It did not." His testimony is uncontroverted.

The Debtor filed her voluntary Chapter 7 petition on September 2, 2009, with her Schedules and Statement of Financial Affairs. On Schedule C Debtor lists a 1974 14 x 70 Bonneville trailer (the "mobile home") for which she claims an exemption in the amount of $7,000.00 based on MONT. CODE ANN. ("MCA") § 25-13-609. Schedule F lists unsecured nonpriority claims in the total amount of $126,380.87. Smith Trust is listed on Schedule F as an unliquidated claim in the stated amount of $29,163.73.

The Notice of Commencement of this case, including deadlines to object to exemptions and to file complaints objecting to discharge or to determine dischargeability of debts, was mailed to creditors on September 5, 2009. The Notice was mailed both to Spurgetis as Trustee of the Smith Trust and to its attorney Jean Adele Carter. Smith Trust filed a timely objection to Debtor's claim of exemption in the mobile home.

No complaint was filed by the applicable deadline objecting to the Debtor's discharge or to determine the dischargeability of debt. A "Discharge of Debtor" was entered on December 4, 2009. On January 8, 2010, Debtor amended her Schedules, including Schedule C where she changed the law providing for her homestead exemption to § 70-32-200 *et seq.* and § 31-2-106.

## DISCUSSION

Debtor listed her claim of exemption in the mobile home on her Schedule C, along with her other exemptions, pursuant to 11 U.S.C. § 522(b)(3) and F.R.B.P. 4003(a). The Smith Trust filed a timely objection to Debtor's claimed exemption in the mobile home pursuant to Rule 4003(b). Rule 4003(c) provides in pertinent part that "the objecting party has the burden of

4

proving that the exemptions are not properly claimed."

Section 522(b)(3)(A) applies state or local exemption law "that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition ...." Pursuant to 11 U.S.C. § 522(b)(2), Montana has opted out of the federal exemption scheme by means of MCA § 31-2-106[5]. *In re Reilly,* 18 Mont. B.R. 193, 194-95 (Bankr. D. Mont. 2000); *In re Schmitz*, 16 Mont. B.R. 512, 515 (Bankr. D. Mont. 1998); *In re Mackenzie*, 16 Mont. B.R. 338, 340 (Bankr. D. Mont. 1998). Thus, the Court looks to state law rather than federal law to determine the allowance of the Debtor's claimed exemption in the mobile home. *In re Reilly,* 18 Mont. B.R. at 194-95; *In re Loeb*, 12 Mont. B.R. 524, 527 (Bankr. D. Mont. 1993).

Debtor claimed an exemption in the mobile home based on § 25-13-609, which exempts from execution certain personal property, motor vehicle, implements, professional books, and tools of the trade in amounts which are not at issue. Smith Trust objected to Debtor's exemption in the mobile home on the grounds that she claims it as a homestead, not on the ground that it does not qualify under § 25-13-609. Debtor's amendment to Schedule C corrected Debtor's error and cites the applicable homestead statutes.

The homestead of a judgment debtor exempt from execution is provided for in Title 70, chapter 32, under the provisions of Mont. Code Ann. § 25-13-615. "The homestead is exempt from execution or forced sale, except" as provided in MCA § 70-32-202 which is not applicable

---

[5]Section 31-2-106 provides in pertinent part: "**Exempt Property – bankruptcy proceeding**: An individual may not exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. § 522(d). An individual may exempt from the property of the estate in any bankruptcy proceeding: (1) that property exempt from execution of judgment as provided in . . . Title 25, chapter 13, part 6, . . . ."

in the instant case. MCA § 70-32-201. A homestead may not exceed $250,000 in value. MCA § 70-32-104(a). A homestead consists of a "dwelling house or mobile home, and all appurtenances, in which the claimant resides and the land, if any, ...." MCA § 70-32-101. Thus by statute Debtor may claim a homestead in the mobile home.

Under Montana law exemption statutes must be liberally construed in favor of debtors. *In re Zimmermann*, 2002 MT 90, 309 Mont. 337, 46 P.3d 599, *In re Reilly*, 18 Mont. B.R. at 195; *In re Schmitz*, 16 Mont. B.R. at 515; *In re Mackenzie*, 16 Mont. B.R. at 343; *Glass v. Hitt* (*In re Glass*), 60 F.3d 565, 570 (9th Cir. 1995); *In re Gagne*, 10 Mont. B.R. 200, 204 (Bankr. D. Mont. 1991); *MacDonald v. Mercill*, 220 Mont. 146, 714 P.2d 132, 135 (1986). With such guidance, and placing the burden of proof on the objecting party, the Court turns to the Smith Trust's objection.

Smith Trust objects to Debtor's claim of exemption on the grounds the Debtor is a renter, not an owner, based upon the district court's order, Ex. 3, which ordered the Debtor to transfer the title to the mobile home into the name of the Smith Trust, and to enter into a lease agreement with the Smith Trust if she decides to continue to reside in the mobile home. Because of the court's order, Smith Trust contends, the Debtor had no legal or equitable interest in the mobile home on which to claim an exemption and the mobile home is not property of the estate.

Turning first to Smith Trust's argument based on the petition date, the Ninth Circuit in *Martinson v. Michael*, 17 Mont. B.R. 192, 198, 163 F.3d 526, 529 (9th Cir. 1998), held that debtors could claim a homestead exemption in Montana after the petition date. Accordingly, the timing of the filing of Debtor's homestead exemption is not grounds to disallow the exemption in this Circuit.

Next, with respect to the district court order, the Court notes that it was entered without giving the Debtor an opportunity for a hearing. The agreed facts quoted above establish that the Debtor was not given a hearing, and that the district court did not act on her request for a hearing one way or the other.

McLaverty testified that no judgment was entered by the district court after it entered Ex. 3. His testimony is uncontroverted. Smith Trust's attorney argues that a judgment was entered, but Smith Trust offered no evidence that a judgment was entered. Smith Trust's attorney's argument is not admissible in evidence and therefore not relevant. *Hurley v. Student Loan Acquisition Auth. of Ariz., et al.*, (*In re Hurley*), 258 B.R. 15, 23 (Bankr. D. Mont. 2001) (An attorney's argument is not evidence); *United States v. Velarde-Gomez*, 224 F.3d 1062, 1073 (9th Cir. 2000); *Exeter Bancorporation v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995) (Statements of counsel are not evidence and do not create issues of fact), citing *United States v. Fetlow*, 21 F.3d 243, 248 (8th Cir. 1994), *cert. denied*, 513 U.S. 977, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994); *In re Nielsen*, 211 B.R. 19, 22 n.3 (8th Cir. BAP 1997) (Neither statements of counsel nor exhibits to a brief are evidence unless expressly stipulated as admissible evidence); *Haymaker v. Green Tree Consumer Discount Co.*, 166 B.R. 601, 607 (Bankr. W.D. Pa. 1994) (Documents attached to debtors' motion do not constitute evidence and may not be considered by the court).

Therefore, the Court finds that no judgment was entered accompanying Ex. 3 directing the Debtor to transfer the title to the mobile home. As no judgment has been entered, no final judgment exists which is an essential element for issue preclusion. The doctrine of collateral estoppel or issue preclusion precludes relitigation of issues actually litigated and determined in a

prior suit.  The Montana Supreme Court in *Boyd v. First Interstate Bank of Kalispell, N.A.* (1992), 253 Mont. 214, 218, 833 P.2d 149, 151, set out the 3 elements for collateral estoppel as: (1) The identical issue raised and previously decided in prior adjudication; (2) final judgment on the merits was issued in the prior adjudication; and (3) the party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication.  Smith Trust failed its burden to show that a judgment was entered by the district court in the state court litigation.  The agreed fact no. 13 states that no appeal has been filed.  Therefore, Smith Trust has failed to show that there was a hearing, or a judgment, or a final judgment after appeal of the district court's order Ex. 3.  Therefore, this Court gives Ex. 3 no preclusive effect.  As a result Smith Trust's argument that the Debtor is merely a renter rather than an owner based on the district court's order to transfer the title, fails to persuade the Court that Smith Trust has satisfied its burden of proof.

      The agreed facts state that the Debtor has resided and continues to reside in the mobile home.  The Court further finds, based on the agreed facts, that the mobile home is titled in the Debtor's name.  The Debtor has filed a declaration of homestead.  The Court concludes that the Smith Trust has failed to satisfy its burden of proof under Rule 4003(c) that the homestead exemption was property claimed.

## CONCLUSIONS OF LAW

    1.  This Court has jurisdiction in this bankruptcy case under 28 U.S.C. § 1334(a).

    2.  The Smith Trust's objection to Debtor's claim of homestead exemption motion is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

    3.  The Smith Trust failed to satisfy its burden to prove that Debtor's homestead

exemption is not properly claimed under Rule 4003(c).

**IT IS ORDERED** a separate Order shall be entered overruling the Smith Trust's objection to Debtor's claim of exemption (Docket No. 10).

                                              BY THE COURT

                                              */s/ Ralph B. Kirscher*

                                              HON. RALPH B. KIRSCHER
                                              U.S. Bankruptcy Judge
                                              United States Bankruptcy Court
                                              District of Montana